UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

RADICI PLASTICS USA, INC.

        Plaintiff,

vs.

FISCHBACH USA, INC.

        Defendant.

CASE NO. 1:12-CV-00167

OPINION & ORDER
[Resolving Doc. Nos. 3, 11, 13, 20]

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this manufacturing contract dispute, Defendant Fischbach USA moves to dismiss a complaint filed by Plaintiff Radici Plastics USA for lack of personal jurisdiction [Doc. 3] and improper venue. [Doc. 11.] The Defendant waived its venue challenge, but the Plaintiff has failed to make the requisite *prima facie* showing of personal jurisdiction. Accordingly, the Court **GRANTS** the Defendant's jurisdictional motion and **DISMISSES** the case.

**I. Background**

This case arises from a dispute over an order for custom-formulated industrial resin. Plaintiff Radici says that Defendant Fischbach received, but refused to pay for, an order placed with a separately incorporated Italian affiliate, Radici Novacips S.P.A. ("Novacips").[1] Radici is a South Carolina corporation with its principal place of business in Ohio. Fischbach is a Kentucky

---

[1] Radici remains vague about its relationship with Novacips, saying only that they are "related by ownership." [Doc. 16 at 2.] Radici nowhere contests that they are separate entities, or alleges any theory under which the Italian entity should be deemed joint venturers or common actors.

-1-

Case No. 1:12-CV-00167
Gwin, J.

corporation with its principal place of business in Kentucky, and produces sealant and adhesive cartridges. Though Fischbach placed the resin order at issue in this case directly with Novacips, the manufacturer, Novacips appears to have assigned its rights to any Fischbach account receivables to Radici. [Doc. 1-1 at 4.]

This dispute occurs against the backdrop of an earlier, successful resin order. In February 2008, Fischbach and its German parent company asked Novacips to develop a custom resin.[2] Fischbach experienced difficulties with the test samples and decided that the formula needed adjustment. Through Plaintiff Radici's personnel, who helped communicate Fischbach's requests to the Italian entity, Fischbach and Novacips developed a mutually satisfactory formula. Also through Radici, Defendant Fischbach ordered and paid for a shipment of the custom resin.

The current dispute began with a new order placed January 14, 2010. This time, instead of brokering the order through Radici in Ohio, Defendant Fischbach ordered nineteen thousand kilograms of the custom resin directly from Novacips. Novacips manufactured the resin at issue in this case, shipped it to Fischbach in Kentucky, and issued an invoice for payment. Fischbach accepted delivery but refused to pay. Radici had not been involved from order through delivery and invoicing, but became involved post-delivery in an attempt to resolve the emerging dispute. In communications with Plaintiff Radici, Fischbach maintained that the resin did not meet its specifications and steadfastly refused to pay Novacips' invoice.

Radici filed its Complaint in the Medina County Court of Common Pleas on December 21,

---

[2] Throughout the pleadings, Radici remains vague about the relationship between Radici Novacips, the Italian entity, and Radici USA, saying only that they are "related by ownership." [Doc. 16 at 2.] Radici nowhere contests that they are separate entities, or alleges any theory under which the Italian entity should be deemed joint venturers or common actors.

Case No. 1:12-CV-00167
Gwin, J.

2011, and Defendant Fischbach removed the case to this Court on January 23, 2012. [Doc. 1-1.] On January 30, 2012, Fischbach filed a pre-answer motion to dismiss for lack of personal jurisdiction. [Doc. 3.] The motion raised no other Rule 12 defenses. On February 29, 2012, Fischbach filed its Answer [Doc. 15] and a second motion to dismiss for improper venue, [Doc. 11], and moved to join both motions. [Doc. 13.]

## II. Legal Standards

A challenge to this Court's personal jurisdiction triggers a two-part inquiry. As a threshold matter, the Court considers whether the law of the forum state permits the exercise of jurisdiction over a foreign defendant. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994). Ohio's long-arm statute provides in pertinent part that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this state." O.R.C. § 2307.382(A)(1). If the plaintiff bears its burden to make a *prima facie* showing of personal jurisdiction under the forum state long-arm statute, the Court considers whether the exercise of jurisdiction comports with constitutional due process. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007).

The plaintiff bears the burden of establishing jurisdiction. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1164 (6th Cir. 1988). The court "must consider the pleadings and affidavits in the light most favorable to the plaintiff." *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980).

## III. Analysis

*III.A Venue*

Radici irretrievably waived its venue challenge by failing to include it in its pre-answer motion to dismiss. [Doc. 3.] Rule 12(g) forbids "a defendant who makes a preanswer motion under

Case No. 1:12-CV-00167
Gwin, J.

[Rule 12] from making a further motion presenting any defense which was available to him at the time he made the first motion and could have included, but did not in fact include therein." Fed. R. Civ. P. 12, Advisory Committee's Note of 1966 to amended Rule 12(g). Rule 12(h)(1)(A), in turn, requires that any venue challenge must be raised in the same motion as any other available Rule 12 defenses or be waived. "Together, Rules 12(g) and 12(h) provide that Rule 12(b) defenses must be raised, if they are ever to be raised, in the first motion filed, or, if there is no pre-answer motion, in the answer." Gould v. Mitsui Mining & Smelting Co., No. C85-3199, 1990 WL 103155, at *3 (N.D. Ohio June 29, 1990). "[A]ny time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b). Not only is the defendant prevented from making it the subject of a second preliminary motion, but ... the defendant may not even assert the defense in the answer." 5C Wright & Miller, Federal Practice & Procedure § 1391 (3d ed. 2010).

In an effort to preserve its venue challenge, Fischbach sought to amend and join its motions under Rule 12(g)(1). [Doc. 13; Doc. 24.] This it cannot do. Permitting belated amendment and joinder would vitiate the Rules' attempt to streamline the 12(b) pleading process. Accordingly, waiver of unconsolidated 12(b) motions is irrevocable, even by amendment, and the omitted defenses are "permanently lost." 5C Wright & Miller, Federal Practice & Procedure § 1391 (3d ed. 2010) ("Until 1966 a party might have escaped the consequences of a failure to plead the defenses set forth in Rules 12(b)(2) through 12(b)(5) by amending its pleadings. Presently, however, Rule 12(h)(1) severely restricts this practice. The court no longer has the authority to grant leave to amend in order to add one of these four defenses. . . ."). Fischbach's motion to dismiss for improper venue is **DENIED**.

Case No. 1:12-CV-00167
Gwin, J.

*III.B Personal Jurisdiction*

Unlike the earlier resin order, in which Radici and its Ohio personnel played a facilitating role, the business transaction giving rise to the claims in this case was consummated directly between a Kentucky-based purchaser and an Italian manufacturer. Despite Fischbach's post-delivery complaints to Radici, Ohio's long-arm statute does not reach it.

Plaintiff Radici says that Fischbach transacted business in Ohio in two ways. *See* O.R.C. § 2307.382(A)(1). First, Radici points to its involvement in the first manufacturing contract. [Doc. 16 at 3-4.] In that transaction, Radici (in Ohio) helped Fischbach (in Kentucky) communicate with Novacips (in Italy) to establish a workable formula, and Radici ultimately processed the resulting resin purchase order. But Fischbach's prior dealings with Radici do not invest this Court with personal jurisdiction over its dispute over an independent order placed directly with Novacips. *See Commercial Metal Forming v. Utils. Optimization Group, LLC*, 2011 WL 5023265, at *2 (N.D. Ohio Oct. 19, 2011) ("[A] prior contract between plaintiff and defendant [should be disregarded] as irrelevant.") (citing *Int'l Techs. Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 393 (6th Cir. 1997)).

Radici seeks to bootstrap its involvement with Fischbach's first resin order onto the disputed Novacips order, but Ohio's long-arm statute does permit the Court to conflate distinct business transactions. The statute requires the underlying cause of action to "aris[e] from" the business conducted in Ohio. O.R.C. § 2307.382(A)(1). This "requires a 'proximate cause' relationship between a plaintiff's . . . claim and the defendant's conduct in Ohio." *Brunner v. Hampson*, 441 F.3d 457, 466-67 (6th Cir. 2006). The transaction giving rise to this action, unlike the earlier order, was solely between Fischbach and Novacips. As Plaintiff Radici admits, Fischbach placed the order

-5-

Case No. 1:12-CV-00167
Gwin, J.

involved with this case "directly" with Novacips. [Doc. 1-1 at 4.] "Novacips manufactured the resin, shipped the resin to Fischbach, and invoiced Fischbach for payment." [Doc. 16 at 2.] Only after Fischbach's nonpayment did Radici become involved "in an effort to resolve the perceived issues." [*Id*.] Fischbach's earlier dealings with Radici in the first resin order did not proximately cause the claims at issue in this case. Rather, those claims "arise from" the order Fischbach placed directly with Novacips. The earlier resin order cannot support the Court's exercise of personal jurisdiction over Fischbach, and the Court disregards it. *Commercial Metal*, 2011 WL 5023265, at *2.

Nor can Fischbach's post-delivery communications with Radici support the exercise of personal jurisdiction. Fischbach only communicated with Radici about alleged deficiencies after the Novacips resin order was delivered. A foreign defendant's attempt to resolve a dispute in a particular state does not establish personal jurisdiction there. *Nationwide Mut. Ins. Co. v. Tryg*, 91 F.3d 790, 796-97 (6th Cir. 1996). And as a matter of logic, claims cannot *arise* solely from communications that were initiated to resolve those claims. Fischbach's post-delivery communication with Radici cannot support personal jurisdiction under Ohio's long-arm statute because Radici's claims did not arise from those exchanges. O.R.C. § 2307.382(A)(1). The motion to dismiss for want of personal jurisdiction is therefore **GRANTED**.

Because Radici fails to make the requisite *prima facie* showing under the Ohio long-arm statute, the Court need not determine whether exercising personal jurisdiction in this case would violate the Due Process Clause. *Tryg*, 91 F.3d at 793 ("A valid assertion of personal jurisdiction must satisfy both the state long-arm statute, and constitutional due process.").

Case No. 1:12-CV-00167
Gwin, J.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Fischbach's motion to dismiss for lack of personal jurisdiction and **DENIES** Fischbach's motion to dismiss for improper venue. Radici's motions to strike [Doc. 20] and to join [Doc. 13] are **DENIED** as moot.

IT IS SO ORDERED.


Dated: May 21, 2012                                    s/      *James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE